# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quail Run Apartments Limited Partnership, <br><br>  Plaintiff, <br><br> v. <br><br> Eighteen Capital Group Acquisitions LLC, <br><br> Defendant. | No. CV-23-01500-PHX-ROS <br>     CV-23-01178-PHX-ROS <br><br> **ORDER** |

In CV-23-1500, Quail Run Apartments Limited Partnerships seeks to have placed under seal a previously filed document outlining some aspects of its ownership. (Doc. 36 in CV-23-1500). In CV-23-1178, Eighteen Capital Group Acquisitions seeks leave to conduct jurisdictional discovery. (Doc. 35 in CV-23-1178). Both requests will be denied.

## I. Sealing is Not Appropriate

Quail Run argues information regarding its ownership is "confidential and non-public," implicates "privacy interests of third parties," and the information has no "relevance to the merits of [this] case." (Doc. 36 at 3). That is not a sufficient basis to seal a document containing facts relevant to the issue of jurisdiction.

Federal courts often reject requests to file ownership information under seal. *See, e.g.*, *S. Fin. Grp., LLC v. Stoess*, 2018 WL 10758704, at *1 (W.D. Ky. 2018) (citing cases). Quail Run is correct that its ownership information is not directly relevant to the merits of the pending claims. Accordingly, that ownership information could be placed under seal upon a showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

1092, 1097 (9th Cir. 2016). But Quail Run has not met that lenient standard because vague statements regarding privacy interests are not enough.

Quail Run argues sealing is necessary to protect information involving "non-parties." But as explained by another court, individuals and entities with ownership interests in unincorporated associations involved in litigation "are not unsuspecting bystanders caught in the litigational crossfire when the [unincorporated associations are] hauled into court." *Smith v. Westminster Mgmt., LLC*, 2018 WL 572867, at \*6 (D. Md. 2018). Rather, those individuals and entities are treated as parties. It would require an exceptionally strong showing in a case of this sort to place under seal information regarding the identity of the parties. Quail Run has not made such a showing here.

**II.     Jurisdictional Discovery is Not Appropriate**

Eighteen Capital Group Acquisitions ("ECG") filed a motion to conduct jurisdictional discovery. According to that motion, ECG "sufficiently pleaded jurisdictional allegations to establish that it has a reasonable belief that diversity jurisdiction exists in this matter." (Doc. 35 at 2 in CV-23-1178). The motion cites to the complaint and explains ECG "alleged 'upon information and belief' that Quail Run and its partners are citizens of Arizona, California, and Colorado." (Doc. 35 at 3). The complaint does not contain the allegations ECG claims it includes.

The complaint alleges Quail Run "is an Arizona limited partnership with its principal place of business" in California. (Doc. 1 at 2). The complaint then alleges Quail Run has a California limited liability company as a general partner and a separate Colorado limited partnership as a limited partner. Finally, the complaint alleges "Highridge Costa Housing Partners LLC is a Delaware Corporation with its principal place of business" in California. (Doc. 1 at 2). The complaint does not explain why it identifies this "limited liability company" as a "corporation." Moreover, Highridge Costa is not identified as having an ownership interest in any of the other listed entities. Instead, Highridge Costa is identified as an entity that "acted as the agent and representative" of Quail Run.

These allegations do not correctly identify the citizenship of a single entity

associated with Quail Run. As the Court has already explained, the citizenship of a partnership or a limited liability company must be determined by the citizenship of the partners or members. The complaint contains no allegations regarding the partners or members in Quail Run's ownership structure. Thus, even under the forgiving standard that permits alleging citizenship on "information and belief," ECG's complaint does not come close to alleging the citizenship of the relevant entities or individuals.

Given the allegations in the complaint, it appears ECG filed suit in federal court merely hoping there would be complete diversity between the parties. There is no indication ECG did any pre-filing investigation to determine citizenship. In fact, ECG did not even investigate its own citizenship prior to filing suit. The complaint alleges the members of ECG are "domiciled in and residents of Missouri and Kansas." (Doc. 1 at 2 in CV-23-1178). That seemed to be ECG's attempt to identify its own citizenship. But ECG now admits its members, once traced through the various entities, are citizens of Florida and Kansas. (Doc. 34 at 4). A party invoking diversity jurisdiction should, at the very least, determine its own citizenship before filing suit.

ECG argues it was entitled to allege citizenship on "information and belief." That is true. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) But alleging citizenship on "information and belief" does not allow a party to file in federal court and simply hope the allegations turn out to be accurate. Rather, the term "information and belief" refers to allegations or statements "based on secondhand information that the declarant believes to be true." Information and Belief, Black's Law Dictionary (11th ed. 2019). In other words, even "information and belief" allegations must have *some* basis. "'[I]nformation and belief' are not magic words that properly can be used to permit a wishful guess." *Doe v. Does 1-10*, 2014 WL 12617343, at *1 (C.D. Cal. 2014).

As mentioned, ECG now states it is a citizen of Florida and Kansas.[1] ECG hopes

---

[1] ECG continues to maintain it should also be considered a citizen of Missouri. (Doc. 35 at 3 in CV-23-1178). There is no explanation why ECG believes it should be deemed a citizen of Missouri given that ECG has identified its members as citizens only of Kansas and Florida. (Doc. 34 at 4 in CV-23-1500). ECG's consistent inability to identify its own citizenship indicates the lack of care ECG took in concluding complete diversity existed.

there is no citizen of Florida or Kansas in Quail Run's ownership structure. But ECG has never identified the basis for that hope nor has ECG identified any efforts it made before filing its complaint to determine Quail Run's citizenship.[2] *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing pleading "on information and belief" where party invoking diversity "had made efforts to determine the citizenship" of the entities involved). The Court has been unable to locate any authority that would allow a party that does not know its own citizenship to conduct no investigation regarding the opposing parties' citizenships and merely allege "on information and belief" that complete diversity exists. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) ("[B]efore alleging that none of an unincorporated association's members are citizens of a particular state, a plaintiff should consult the sources at its disposal, including court filings and other public records."); *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 699 (1st Cir. 2023) ("We think sensible the approach adopted by the district court here, which allowed limited jurisdictional discovery after noting that 'plaintiff ha[d] consulted all available public information and alleged, in good faith, that there is complete diversity of citizenship.'").

Based on the latest information provided by Quail Run, ECG seeks discovery to determine the citizenships of twelve trusts, one limited liability company, and two partnerships. It is likely those trusts, the limited liability company, and the partnerships will have entities as trustees or in their ownership structure that would require further discovery. Thus, allowing ECG to conduct discovery into those fifteen entities would be only the beginning. The Ninth Circuit has repeatedly stated a district court need not authorize discovery based on a "mere 'hunch that [discovery] might yield jurisdictionally relevant facts.'" *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)). That is precisely the situation here.

---

[2] Quail Run has stated it believes "on information and belief" that it will not be a citizen of "Kansas, Missouri, or Florida." (Doc. 34 at 3). But Quail Run admits it has no idea who are the relevant members, trustees, and partners. Therefore, even Quail Run has no factual basis for its purported citizenships.

The Court issued three Orders attempting to determine the citizenship of the parties. Those responses establish ECG made no effort to determine citizenship before filing in federal court and ECG has only a "hunch" that complete diversity exists. Therefore, CV-23-1178 will be dismissed for lack of subject matter jurisdiction and CV-23-1500 will be remanded for lack of subject matter jurisdiction.[3]

Accordingly,

**IT IS ORDERED** the Clerk of Court shall docket this Order in CV-23-1178 and CV-23-1500.

**IT IS FURTHER ORDERED** the Motion to Conduct Jurisdictional Discovery in CV-23-1178 (Doc. 35) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Seal in CV-23-1178 (Doc. 30) and the Motion to Seal in CV-23-1500 (Doc. 36) are **DENIED**. This Order shall not be sealed.

**IT IS FURTHER ORDERED** the complaint in CV-23-1178 is **DISMISSED WITHOUT PREJUDICE** based on a lack of subject matter jurisdiction. The Clerk of Court shall close that case.

**IT IS FURTHER ORDERED** the Clerk of Court shall **REMAND** CV-23-1500 to the Maricopa County Superior Court based on a lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** all remaining motions in CV-23-1178 and CV-23-1178 are **DENIED AS MOOT**.

Dated this 9th day of November, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[3] Based on the complaint Quail Run filed in state court, the removal clock may not have started. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) (holding "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain'"). It may be possible for ECG to invoke federal jurisdiction in the future. This is yet another indication that ECG did not research federal jurisdiction prior to filing and removing these suits.